**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAGSIR K. TOOR, PARAMVIR S. TOOR by and through his Guardian ad litem JAGSIR K. TOOR, RAJVIR S. TOOR by and through his Guardian ad litem JAGSIR K. TOOR, BALWANT S. TOOR, and GURBAX K. TOOR,**<br><br>**Plaintiffs**,<br><br>**v.**<br><br>**PRUCO LIFE INSURANCE CO., THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, HARDEV S. GILL, and DOES 1-25,**<br><br>**Defendants.** | **CIV F 06-264 AWI LJO**<br><br>**ORDER ON PLAINTIFFS'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS** |

This case is about the denial of beneficiaries's ("Plaintiffs") claim under a life insurance policy. The case was originally filed in state court against Defendants Pruco Life Insurance Company ("Pruco"), the Prudential Insurance Company of America ("Prudential"), and Pruco's agent, Hardev S. Gill ("Gill"). Pruco and Prudential are not citizens of California. Even though Gill, like the Plaintiffs, is a citizen of California, Pruco and Prudential removed to this Court invoking diversity jurisdiction and alleged that Gill was fraudulently joined or a "sham defendant" for purposes of diversity. Gill has filed a 12(b)(6) motion to dismiss. Plaintiffs have filed both a motion to remand and an opposition to the motion to dismiss. For the reasons that

follow, Plaintiffs's motion to remand will be denied and Defendant's Rule 12(b)(6) motion will be granted with leave to amend.

## BACKGROUND

From the Complaint, Jaspal Toor ("Toor"), a 41 year old man, purchased a policy of life and death insurance from Pruco, Prudential and Gill. Gill acted as the agent of Pruco and Prudential. Complaint at ¶ 12. Gill solicited Toor to purchase life insurance, went to Toor's home to sell the policy, and completed the insurance application for Jaspal Toor." Id. The life insurance policy ("the Policy") was issued, marketed, and sold by Defendants to Toor; the date of contract was May 25, 2004. The Death Benefit section of the Policy states that, "We will pay a benefit to the beneficiary at the Insured's death if this contract is in force at time of that death; that is, if it has not been surrendered and it is not in default past the grace period." The amount to be paid under the Policy at the time of death was $434,000.00. At all pertinent times, the Policy had not been surrendered and all required payments had been made to keep the Policy current.

On September 23, 2004, Toor was involved in a fatal automobile accident while driving his truck. Toor suffered severe injuries during the accident and was pronounced dead at the scene. On or before December 2, 2004, Plaintiffs contacted Defendants and made their claim under the Policy. On or about the same day, Defendants reviewed Toor's medical history and refused to pay the Death Benefit from the Policy "based on [Toor's] alleged responses to two questions on the policy." Id. at ¶ 18. Defendants failed and refused to pay the full Policy proceeds without an alleged good faith basis, without an adequate investigation, and "for the alleged reason that Toor misrepresented information on the contract, to wit, responses to two questions on the insurance application." Id. at ¶ 19.

As to the status of Gill, Plaintiffs allege that:

[D]efendant Hardev S. Gill . . . is, and at all times herein mentioned was a citizen and resident of the State of California, County of Fresno, and was at all times herein mentioned an agent of Pruco and Prudential, and Pruco Life Representative.

daw                                                2

> At all times herein mentioned, each of the defendants was the agent, employee, principal or employer of each remaining defendant and was at all times relevant acting within the course and scope of said relationships and each defendant has authorized, ratified and approved the acts of each of the remaining defendants.

Id. at ¶¶ 10-11.

Plaintiffs filed suit and alleged causes of action against all Defendants for breach of contract, breach of the covenant of good faith and fair dealing, negligent infliction of emotional distress, and intentional infliction of emotional distress. As part of their claim for infliction of emotional distress, Plaintiffs allege:

> Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned Pruco, Prudential, Gill . . . and each of them practiced a deceptive and fraudulent scheme to deny claims made under the Policy issued by said defendants. Plaintiffs are further informed and believe that said defendants intentionally denied Plaintiffs's claim for the Policy proceeds, and fraudulently misrepresented the claim was not covered, even though said defendants knew at the times they made their misrepresentations that the subject claim was valid and that the benefit should be paid.

Id. at ¶ 38; see also id. at ¶ 43.

Defendant Gill has filed a 12(b)(6) motion to dismiss on the grounds that, under California law, an insurance agent who discloses his principal is not liable for conduct he performs in the course and scope of his agency. Plaintiffs have filed a motion to remand and an opposition whereby Plaintiffs argue that viable claims exist or can exist against Gill.[1]

*Notice of Removal*

In the notice of removal, Pruco and Prudential acknowledge that Gill is a non-diverse defendant but argue that the Court may exercise diversity jurisdiction because Gill is fraudulently joined. Defendants argue that the basis of Plaintiffs's claims is the denial of an insurance policy and the causes of action alleged in the complaint are for breach of contract, bad faith, negligent

---

[1] The motion to remand was filed less than 28 days before the scheduled hearing date of April 24, 2006, and the opposition to the 12(b)(6) motion was filed less than two weeks before the hearing, both of which are violations of the local rules. See Local Rule 78-230. However, since the motion to remand and the opposition to the 12(b)(6) motion are similar if not identical in substance, because Defendants have had the opportunity to address Plaintiffs contentions, and because the Court may raise jurisdictional issues *sua sponte*, see United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004), the Court will consider both of Plaintiffs's pleadings.

daw                                         3

infliction of emotional distress, and intentional infliction of emotional distress. Defendants state that Plaintiffs do not allege specific wrongdoing by Gill, rather they allege he was acting as Pruco's agent. Under California law, an insurance agent acting within the course and scope of his agency, and where the principal has been disclosed, cannot be held individually liable for his alleged tortious conduct as a matter of law. See Charlin v. Allstate Ins. Co., 19 F.Supp.2d 1137, 1142 (C.D. Cal. 1998); Lippert v. Bailey, 241 Cal.App.2d 376, 382 (1966). Also, the contract that was entered into was between Pruco and Plaintiffs and the claims for bad faith and negligent and intentional infliction of emotional distress involved the denial of Plaintiffs's claim, which did not involve Gill. Thus, argues Pruco and Prudential, the complaint does not state a cause of action against Gill and Gill is a sham defendant who was joined simply to destroy diversity.

## LEGAL STANDARD

*Removal and Fraudulent Joinder*

28 U.S.C. § 1441(a) reads in relevant part:

> [A]ny civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregard."

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). If there is any doubt as to the right of removal in the first instance, "federal jurisdiction must be rejected." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992).

A federal court may exercise jurisdiction over a case through diversity jurisdiction if the amount in controversy is at least $75,000.00 and there is diversity of citizenship. 28 U.S.C. § 1332(a). The diversity of citizenship must be complete, that is, "each of the plaintiffs must be a citizen of a different state than each of the defendant." Morris v. Princess Cruises, Inc., 236 F.3d

1061, 1067 (9th Cir. 2001) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

An exception to the complete diversity requirement is where a non-diverse defendant has been "fraudulently joined." Morris, 236 F.3d at 1067. "Fraudulent joinder" is a term of art. Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The joinder or inclusion of a non-diverse defendant is deemed "fraudulent," and the non-diverse defendant's presence will be ignored for diversity purposes, if the "plaintiff fails to state a cause of action against [the non-diverse] defendant, and the failure is obvious according to the settled rules of the state." Morris, 236 F.3d at 1067; Ritchey, 139 F.3d at 1313; McCabe, 811 F.2d at 1339; Green v. Wyeth, 344 F.Supp.2d 674, 681 (D. Nev. 2004); Macey v. Allstate Property & Cas. Co., 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002). The defendants bear the burden of proving fraudulent joinder and are entitled to present facts that show the joinder or inclusion of the non-diverse defendant is fraudulent, i.e. that the non-diverse defendant cannot be liable on any theory. See Morris, 236 F.3d at 1067; Ritchey, 139 F.3d at 1318; McCabe, 811 F.2d at 1339; Green, 344 F.Supp.2d at 681; Macey, 220 F.Supp.2d at 1117. However, "there is a presumption against finding fraudulent joinder, and defendants who assert that a plaintiff fraudulently joined a party carry a heavy burden of persuasion." Green, 344 F.Supp.2d at 681; Plute v. Roadway Package System, Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); see also Macey, 220 F.Supp.2d at 1117. If there is even a "slight possibility," Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999), or a "non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand." Green, 344 F.Supp.2d at 682; Macey, 220 F.Supp.2d at 1117. Further, all material ambiguities in state law will be resolved in favor of the plaintiff's favor. Gray v. Beverly Enterprises-Miss., Inc., 390 F.3d 400, 405 (5th Cir. 2004); Green, 344 F.Supp.2d at 682; Macey, 220 F.Supp.2d at 1117.

*Liability of Insurance Agent Under California Law*

"Under California law an insurance agent cannot be held liable for breach of contract or

daw                                    5

breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract." Minnesota Mut. Life Ins. Co. v. Ensley, 174 F.3d 977, 981 (9th Cir. 1999); Meisel v. Allstate Indem. Co., 357 F.Supp.2d 1222, 1226 (E.D. Cal. 2005); see Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 577 (1973); Filippo Industries v. Sun Ins. Co., 74 Cal.App.4th 1429, 1442-43 (1999). Additionally, the general rule is that liability to an insured "for acts or contracts of an insurance agent within the scope of his agency, with full disclosure of the principal, rests on the company." Lippert v. Bailey, 241 Cal.App.2d 376, 382 (1966). Stated differently, an insurance agent is not liable for acts done within the scope of his agency where he has fully disclosed his principal. Kaighn v. Nat'l Life of Vt., 2003 U.S. Dist. LEXIS 959 at *3 (N.D. Cal. 2003); Levine v. Allmerica Fin. Life Ins. & Annuity Co., 41 F.Supp.2d 1077, 1079 (C.D. Cal. 1999). However, there are exceptions to the *Lippert* rule where an agent breaches a duty of care owed to an insured under the circumstances. See Macey, 220 F.Supp.2d at 1125-27; Smith v. New Eng. Mut. Life Ins. Co., 1998 U.S. Dist. LEXIS 17572 at *3-*4 (N.D. Cal. 1998); Croskey, et al., Cal. Prac. Guide: Insurance Litigation, Ch. 2 at 2:53 (The Rutter Group 2005). An insurance agent may be individually liable where he: (1) entered into an express agreement to provide specific coverage for the insured; (2) made misrepresentations regarding the scope or nature of coverage or other material policy terms; (3) or assumed a dual agency role. See Thornton v. New York Life Ins. Co., 211 F.R.D. 606, 609-10 (N.D. Cal. 2002); Macey, 220 F.Supp.2d at 1125-27; Smith, 1998 U.S. Dist. LEXIS 17572 at *3-*5; Sun v. Equitable Life Assurance Soc. of the U.S., 2001 U.S. Dist. LEXIS 9481, 2001 WL 764486 at *2 (N.D. Cal 2001); Levine, 41 F.Supp.2d at 1079; McNeil v. State Farm Life Ins. Co., 116 Cal.App.4th 597, 603 (2004);[2] Fitzpatrick v. Hayes, 57 Cal. App. 4th 916, 927 (1997); Paper Savers, Inc. v. Nacsa,

---

[2]In *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998), as well as cases identified therein, the district court held that *Lippert* shielded the insurance agent from liability for fraud and negligent misrepresentation. *Good* was also cited with approval by the Ninth Circuit in *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) for this proposition. However, in *McNeill*, which was decided in 2004, the California Appeals Court stated, ". . . we reject Cannon's contention that, being an agent, she cannot be held liable for intentional misrepresentations," and ". . . the present causes of action charges intentional misrepresentation, or fraud. Like other agents, an insurance company's [agent] may be personally responsible when they commit that tort. We

51 Cal.App.4th 1090, 1097-99 (1996); Croskey, et al., Cal. Prac. Guide: Insurance Litigation, Ch. 2 at 2:53-54 (The Rutter Group 2005).  An insurance agent may become a dual agent "by assuming special duties for the benefit of the insured beyond those required by her principal." Mercado v. Allstate Ins. Co., 340 F. 3d 824, 826 n.1 (9th Cir. 2003) (citing Jones v. Grewe, 189 Cal. App. 3d 950, 954-55 (1987)).

## PLAINTIFFS'S MOTION TO REMAND

*Plaintiffs's Argument*

Plaintiffs have filed a motion to remand and argue that they have alleged facts that show a cause of action against Gill.  Plaintiffs argue that, in their complaint, Toor bought a life insurance policy from Pruco through Gill.  Complaint at ¶ 12.  The complaint alleges that Gill not only sold the life insurance policy to Toor, but completed the application with him.  Id.  Toor was later killed in a traffic accident and Pruco denied Plaintiffs's claim and contended that Toor had made inaccurate responses concerning his medical history on the insurance application.  Id. at ¶¶ 16-18.  The complaint alleges causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and negligent and intentional infliction of emotional distress..  Id. at  ¶¶ 21-26, 37-46.  "The alternative claims allege that Gill acted either negligently or with a deliberate intent to deceive Jaspal Toor when he solicited him to buy the policy and completed the application for him." Plaintiffs's Remand Motion at 3:7-9.

Plaintiffs argue that *Lippert* is inapposite as the rule in that case applies to cases involving the failure to procure insurance coverage as requested or agreed upon.  However, the complaint in this case also alleges intentional misconduct by Gill, and, like other agents, an insurance company agent may be personally responsible when he commits an intentional tort. Additionally, a federal court in the Northern District of California held that it was not well-settled under California law that an insured could not state a proper tort claim against an

---

disagree with the contrary view of *Good . . . .*" McNeill, 116 Cal.App.4th at 599, 603.  To the extent that there may exist ambiguity in California law regarding fraud as an exception to *Lippert*, that ambiguity is resolved in Plaintiffs's favor.  Gray, 390 F.3d at 405; Green, 344 F.Supp.2d at 681.

daw                                                              7

insurance carrier's agent as a matter of law.  <u>Macey</u>, 220 F.Supp.2d at 1121-22.  Here, the complaint raises two possible causes of action against Gill:  negligence in the insurance process since Gill filled out the forms with Toor and intentionally misleading statements made by Gill to Toor.  Defendants have failed to show that Gill is a sham defendant and remand is required as this Court lacks jurisdiction.

*Defendants's Opposition*

Defendants argue that Plaintiffs's only theory of liability against Gill in the complaint is that at all times relevant Gill was the agent of Pruco and Prudential:  they do not allege any separate cause of action solely against Gill.  Defendants further reiterate their position in their remand notice.

Additionally, Defendants argue that Plaintiffs are attempting to controvert or change allegations from those found in the complaint.  For the first time in their motion to remand, Plaintiffs allege that because Gill "filled out the application," a special duty arose and created personal liability.  All the claims arise from the handling of Plaintiffs's claim, and Plaintiffs have not and cannot allege that their emotional distress claims arise from the facts and circumstances surrounding the insured's procurement of the policy.

Finally, the cases relied upon by Plaintiffs are not helpful.  *Macey* involved the issue of whether California courts would recognize a claim for negligent misrepresentation regarding the scope of coverage, and *McNeill* simply held that an insurance company's agent may be personally responsible when he commits the tort of intentional misrepresentation or fraud.  Here, Plaintiffs have not alleged a cause of action for negligent or intentional misrepresentation or fraud against Gill.  The causes of action pled (except for breach) involve handling and denying the claim, which did not involve Gill.

*Discussion*

There appears to be no dispute that since Gill was, and acted as, the agent for Pruco and Prudential in contracting for the Policy, he is not liable for the alleged breach of contract and

daw                                                  8

breach of the covenant of good faith.  See Plaintiffs's Opposition to Motion To Dismiss at 5:10-11 (stating that Gill's role as agent "will insulate him from liability on the contractual claims"); see also Ensley, 174 F.3d at 981; Meisel, 357 F.Supp.2d at 1226; Gruenberg, 9 Cal.3d at 577; Filippo Industries, 74 Cal.App.4th at 1442-43.  Further, with respect to Plaintiffs's claims for negligent and intentional infliction of emotional distress, there appears to be no dispute that Gill's conduct was done within the course and scope of his agency relationship with Pruco and Prudential:  the only conduct alleged is denying Plaintiffs's claim under the policy, see Complaint at ¶¶ 38, 43, Plaintiffs allege that Gill was Pruco and Prudential's agent, see Complaint at ¶ 10, and Plaintiffs allege that "at all times" mentioned in the complaint the defendants acted as agents, employees, principals, and/or employers, i.e. at all times Gill acted as Pruco and Prudential's agent.  See Complaint at ¶ 11.  Moreover, Plaintiffs do not specifically address their emotional distress claims against Gill.  Thus, the four causes of action alleged against Gill in the complaint all appear to fall within the *Lippert* rule or the *Ensly/Gruenberg* rule.  See Ensley, 174 F.3d at 981; Charlin, 19 F.Supp.2d at 1142; Gruenberg, 9 Cal.3d at 577; Lippert, 241 Cal.App.2d at 382.

Instead, Plaintiffs's argument focuses on theoretical causes of action against Gill based on the fact that Gill solicited Toor to buy the Policy, Gill filled out or helped to fill out the application for Toor, and then Pruco and Prudential denied the claim based on misrepresentations in Toor's "alleged responses."  See Plaintiffs's Remand Motion at 3:4-11 & 6:5-12; Complaint at ¶¶ 12, 18-19.  Plaintiffs state, "The complaint therefore raises questions as to whether Gill owed Jaspal and his beneficiaries a duty of care in the insurance application process.  Further, the complaint alleges that Gill made intentionally misleading statements to Jaspal, which creates another basis for his independent liability."  Plaintiffs's Remand Motion at 6:8-11.  Plaintiffs also state that:  "The alternative claims allege that Gill acted either negligently or with a deliberate intent to deceive Jaspal Toor when he solicited him buy the policy and completed the application for him."  Plaintiffs's Remand Motion at 3:7-9.  However, unlike other portions of

their motion that refer to allegations in the complaint, there is no citation to any provision in the complaint that supports "alternative claims." Plaintiffs are thus attempting in their remand motion to allege causes of action against Gill that are not alleged in their complaint. The causes of action alleged in the complaint do not include causes of action for misrepresentation or breach of a special duty. Rather, the complaint merely states in the factual background that Gill helped or actually filled out the application for Toor. There are no allegations, by way of example only, that Gill intentionally filled out the application incorrectly or materially misrepresented the content of the two questions at issue to Toor. Plaintiffs may be able to amend their complaint to allege causes of action that are not barred by *Lippert*, cf. Thornton, 211 F.R.D. at 608-10; Shepard v. Massachusetts Casualty Insurance Company, 2000 U.S. Dist. LEXIS 738 at *4-*5, *14 (N.D. Cal. Jan. 26, 2000), but the operative complaint contains no such causes of action.

Because Plaintiffs's complaint alleges four causes of action against Gill that fit under the rule of *Lippert* and the rule of *Ensley/Gruenberg*, the Court concludes that Gill is fraudulently joined. See Ensley, 174 F.3d at 981; Ritchey, 139 F.3d at 1313 Charlin, 19 F.Supp.2d at 1142; Gruenberg, 9 Cal.3d at 577; Lippert, 241 Cal.App.2d at 382. As there is no dispute regarding either the diversity of citizenship between Plaintiffs and Pruco and Prudential or that the amount in controversy is over $75,000.00 (approximately $434,000.00), Plaintiffs's motion to remand is denied.

## GILL'S RULE 12(b)(6) MOTION TO DISMISS

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). If the court grants a rule 12(b)(6) motion, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

Here, the issues raised in the motion to remand are the same as those in the motion to

dismiss. Thus, the above discussion regarding remand also disposes of Gill's motion to dismiss. Because Plaintiffs's complaint does not allege claims outside the rule in *Lippert* or the rule in *Ensley/Gruenberg*, dismissal of the claims against Gill is appropriate. However, there are exceptions to *Lippert* and Plaintiffs indicate that they can allege claims against Gill that fit an exception. It is not clear that amendment would be futile. Thus, dismissal will be with leave to amend.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs's motion to remand is DENIED;
2. Defendant Gill's motion to dismiss is GRANTED and the claims against Gill are DISMISSED with leave to amend; and
3. Plaintiffs may file an amended complaint within fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

**Dated:**   **May 12, 2006**          /s/ **Anthony W. Ishii**
0m8i78                                          UNITED STATES DISTRICT JUDGE

---

[3] Should Plaintiffs be able to adequately allege possibly viable claims against Gill, remand may yet be in order. See 28 U.S.C. § 1447; see also Thornton, 211 F.R.D. at 608-10; Shepard, 2000 U.S. Dist. LEXIS 738 at *4-*5, *14.