ADRIENNE C. PUBLICOVER (State Bar No. 161432)
REBECCA LABAT CROSBY (State Bar No. 221241)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendants,
PRUCO LIFE INSURANCE COMPANY and
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGSIR K. TOOR; PARAMVIR S. TOOR By and Through his Guardian Ad Litem Jagsir K. Toor; RAJVIR S. TOOR By and Through his Guardian Ad Litem Jagsir K. Toor; BALWANT S. TOOR; and GURBAX K. TOOR; et al, <br><br> Plaintiffs, <br><br> v. <br><br> PRUCO LIFE INSURANCE COMPANY; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; HARDEV S. GILL; and DOES 1-25; et al., <br><br> Defendants. | Case No.:  06-CV-00264 AWI-LJO <br><br> **STIPULATION FOR DISMISSAL** |

It is hereby stipulated by and between the parties to this action, plaintiffs JAGSIR K. TOOR, PARAMVIR S. TOOR, by and through his Guardian Ad Litem Jagsir K. Toor, RAJVIR S. TOOR, by and through his Guardian Ad Litem Jagsir K. Toor, BALWANT S. TOOR and GURBAX K. TOOR ("Plaintiffs") and defendants PRUCO LIFE INSURANCE COMPANY, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and HARDEV S. GILL ("Defendants"), by and through their respective counsel of record, that the above-captioned action be, and hereby is, dismissed with prejudice pursuant to the Federal Rules of Civil Procedure, Rule 41.

Each party shall bear its own costs and attorneys' fees in this action.

Pursuant to local rules, this document is being electronically filed through the Court's

---

1
STIPULATION FOR DISMISSAL

448883.1

ECF System.  In this regard, counsel for Plaintiffs and Defendants hereby attest that (1) the content of this document is acceptable to all persons required to sign the document; (2) counsel for Plaintiffs and Defendants have signed this document; and (3) the signed document is available for inspection upon request.

**SO STIPULATED AND AGREED:**

DATED:  May 24, 2006               THE MANN LAW FIRM
                                            By_____/s/ Mohinder Mann_____
                                                  Mohinder Mann, Esq.
                                            Attorneys for Plaintiffs


DATED:  June 14, 2006              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
                                            By_____/s/ Rebecca Labat Crosby_____
                                                  Adrienne C. Publicover, Esq. Rebecca Labat Crosby, Esq.
                                            Attorneys for Defendants
                                                  THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND PRUCO  LIFE INSURANCE COMPANY

DATED:  May 23, 2006               MURPHY, PEARSON, BRADLEY & FEENEY
                                            By_____/s/ Thomas J. D'Amato_____
                                                  Thomas J. D'Amato, Esq.

                                            Attorneys for Defendant        HARDEV S. GILL


## ORDER

The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.   Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.   Because Plaintiff has filed a stipulation for dismissal without prejudice as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that this action is DISMISSED and the Clerk of the Court is DIRECTED to close this case in light of the parties' filed and signed Rule 41(a)(1)(ii) Stipulation For Dismissal Without Prejudice.

IT IS SO ORDERED.

**Dated:     June 16, 2006**                                           /s/ **Anthony W. Ishii**
0m8i78                                                               UNITED STATES DISTRICT JUDGE